IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DAVID WELLINGTON,

    Plaintiff,

v.                                                           Civ. No. 21-322 JB/GBW

PROFOLIO HOME MORTGAGE
CORPORATION, *et al.*,

    Defendants.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before me pursuant to the Court's Order of Reference (*doc. 8*), referring this case to me for analysis, proposed findings, and a recommended disposition. On April 20, 2021, Defendant MTGLQ Investors, LP ("MTGLQ") filed a motion to dismiss Plaintiff's complaint on grounds of res judicata. *Doc. 11*. On June 21, 2021, Plaintiff filed a motion to amend his complaint. *Doc. 17*. Having reviewed the motions and their attendant briefing (*docs. 14, 15, 18, 19*), I RECOMMEND that the Court GRANT MTGLQ's Motion to Dismiss and DENY Plaintiff's Motion for Leave to File Amended Complaint for the reasons that follow.

### I.    BACKGROUND

In 2017, MTGLQ filed suit against Monica Wellington seeking to recover amounts due on a note secured by a mortgage and to foreclose on the mortgage.

*MTGLQ Invs., LP v. Wellington*, Civ. No. 17-487 KG/LF, 2018 WL 1997294, at *1 (D.N.M. Apr. 27, 2018) (unpublished) ("*MTGLQ I*").  The mortgage was secured by a piece of real property, described as follows:

> Lot numbered Twenty-nine (29) of ALTURA VILLAGE, being a Replat of Tracts A1 Netherwood Park, Addition, as the same is shown and designated on the Plat of said addition, filed in the Office of the County Clerk of Bernalillo County, New Mexico, on December 3, 1997, in Plat Book 97C, folio 341,

and more commonly described as 2124 Altura Verde Ln NE, Albuquerque, NM 87110 ("the Property").  *MTGLQ Invs., LP v. Wellington*, Civ. No. 17-487 KG/LF, ECF No. 204 (D.N.M. Dec. 20, 2019) (unpublished) ("*MTGLQ II*").  Ms. Wellington removed the case to federal court on grounds of diversity and filed counterclaims alleging violations of the Fair Debt Collection Practices Act and seeking a declaratory judgment that MTGLQ and another entity had no claim against Ms. Wellington or the Property.  *See* First Amended Counterclaim of Monica L. Wellington, *MTGLQ Invs., LP v. Wellington*, Civ. No. 17-487 KG/LF (D.N.M. June 27, 2017), ECF No. 12.

In 2018, David Wellington—Plaintiff in the present suit and Ms. Wellington's brother—filed a motion to intervene.  *MTGLQ Invs., LP v. Wellington*, Civ. No. 17-487 KG/LF, 2018 WL 2723767, at *1 (D.N.M. June 6, 2018) (unpublished).  Plaintiff asserted an interest in the Property as joint tenant with right of survivorship with Ms. Wellington by grant deed conveyed on January 16, 2018.  *Id*.  The court denied

intervention pursuant to Federal Rule of Civil Procedure 24(a)(2) on the ground that Ms. Wellington adequately represented Plaintiff's interest in the Property. *Id.* at *3–4.

On April 27, 2018, Ms. Wellington's counterclaims were dismissed by the court. *MTGLQ I*, 2018 WL 1997294, at *4–8. On September 23, 2019, the court granted summary judgment in favor of MTGLQ. *MTGLQ Invs., LP v. Wellington*, Civ. No. 17-487 KG/LF, 2019 WL 4600196, at *1 (D.N.M. Sept. 23, 2019) (unpublished). On December 20, 2019, the court filed a judgment of foreclosure and sale, entering judgment *in personam* against Ms. Wellington for amounts due and owing on the note plus interest and costs and judgment of foreclosure of the Property. *MTGLQ II*, Civ. No. 17-487 KG/LF, ECF No. 204.

Ms. Wellington appealed. On January 7, 2021, the Tenth Circuit affirmed the lower court's rulings, including the dismissal of Ms. Wellington's counterclaims and the judgment of foreclosure and sale. *MTGLQ Invs., LP v. Wellington*, 2021 WL 56698, at *1 (10th Cir. Jan. 7, 2021) (unpublished). Following denial of Ms. Wellington's petition for panel rehearing and rehearing en banc, the Tenth Circuit filed a revised order affirming the lower court's rulings. *MTGLQ Invs., LP v. Wellington*, 2021 1217451, at *1 (10th Cir. Mar. 31, 2021) (unpublished) ("*MTGLQ III*").

On March 4, 2021, Plaintiff, proceeding *pro se*, filed his Complaint to Quiet Title and for Declaratory Relief in state court. *Doc. 1-1*. Plaintiff alleges violations of the Federal Truth in Lending Act and requests a declaratory judgment quieting title against

Defendants. *Id*. MTGLQ removed the complaint to this Court on April 9, 2021, pursuant to the Court's diversity jurisdiction. *Doc. 1*.

On April 20, 2021, MTGLQ filed its Motion to Dismiss, asserting that Plaintiff's claims are barred by res judicata. *Doc. 11*. Plaintiff filed a response on May 14, 2021, to which MTGLQ filed a reply on May 20, 2021. *Docs. 14, 15*. On June 21, 2021, Plaintiff filed his Motion for Leave to File Amended Complaint. *Doc. 17*. MTGLQ filed a response on July 6, 2021, to which Plaintiff filed a reply on July 12, 2021. *Docs. 18, 19*.

II.   **LEGAL STANDARD**

   A. **Fed. R. Civ. P. 12(b)(6)**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Leverington v. City of Colorado Springs*, 643 F.3d 719, 723 (10th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). This standard does not require "detailed factual allegations," but it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When ruling on a 12(b)(6) motion, the court must "assume the truth of all well-pleaded facts in the complaint, and draw all reasonable inferences therefrom in the light most favorable to the plaintiffs." *Leverington*, 643 F.3d at 723 (quoting *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178

(10th Cir. 2009)).  However, the court need not accept the truth of any legal conclusions. *Iqbal*, 556 U.S. at 678.

The plausibility standard "does not impose a probability requirement." *Twombly*, 550 U.S. at 556.  Rather, "a well-pleaded complaint may proceed even if it appears 'that a recovery is very remote and unlikely.'"  *Id.* at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).  The complaint must only be "enough to raise a right to relief above the speculative level … on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id*. at 555.  However, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).  In other words, the well-pleaded facts must "permit the court to infer more than the mere possibility of misconduct"; otherwise, the plaintiff has not shown entitlement to relief.  *Id*. at 679.

When evaluating the pleadings of a party proceeding *pro se*, a court must liberally construe them and should hold them to a less stringent standard than to the pleadings of a represented party.  *Hall v. Bellmon*, 935 F.3d 1106, 1110 (10th Cir. 1991).  But "[t]his liberal treatment is not without limits, and '[the Tenth Circuit] has repeatedly insisted that *pro se* parties follow the same rules of procedure that govern other litigants.'"  *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (quoting *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)).

### B. Fed. R. Civ. P. 15(a)(2)

Federal Rule of Civil Procedure 15(a) allows a party to amend its pleading once as a matter of course if certain temporal conditions are met. Fed. R. Civ. P. 15(a)(1). Otherwise, as is the case here, the party seeking to amend its pleading must obtain either the written consent of opposing parties or leave of the Court. Fed. R. Civ. P. 15(a)(2).

The Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The decision to grant leave to amend a complaint is within the Court's discretion. *Castanon v. Cathey*, 976 F.3d 1136, 1144 (10th Cir. 2020). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (citation omitted); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962)). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Jefferson Cnty. Sch. Dist. No. R-1 v. Moody's Inv.'s Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999) (citations omitted).

### III. ANALYSIS

#### A. MTGLQ's Motion to Dismiss

To determine whether the prior suit is entitled to preclusive effect here, I must first determine what law of preclusion applies to a federal judgment on a matter of state

6

law.  As a general rule, federal law determines the application of res judicata to judgments of a federal court.  *Petromanagement Corp. v. Acme-Thomas Joint Venture*, 835 F.2d 1329, 1332 (10th Cir. 1988).  But when the federal judgment is based on state law, as when the Court sits in diversity, the question is more difficult.  *Id*.  In these cases, the Tenth Circuit applies federal law "at least insofar as the res judicata issue is not clearly substantive."  *Id.* at 1333.  The Tenth Circuit has identified the law of privity as an issue that is "more distinctively substantive."  *Id*.  Accordingly, I will apply federal law to the overall question of whether res judicata applies, while looking to state law to answer the privity component of that question.  *See New Mexico ex rel. King v. Cap. One Bank (USA) N.A.*, 980 F. Supp. 2d 1346, 1350–52 (D.N.M. 2013).

   Res judicata applies where three elements are present: "(1) a judgment on the merits in the earlier action; (2) identity of the parties or their privies in both suits; and (3) identity of the cause of action in both suits."  *Yapp v. Excel Corp.*, 186 F.3d 1222, 1226 (10th Cir. 1999).  If these three elements are satisfied, res judicata applies, unless the party opposing it can show that he did not have "a full and fair opportunity to litigate" the claim in the prior suit.  *Id.* at 1226 n.4.  While the Tenth Circuit has sometimes characterized the "full and fair opportunity" requirement as a fourth element of res judicata, it has more recently characterized it as an exception to the application of res judicata.  *Compare Nwosun v. Gen. Mills Rests., Inc.*, 124 F.3d 1255, 1257 (10th Cir. 1997), *with Johnson v. Spencer*, 950 F.3d 680, 693 (10th Cir. 2020).  Unlike with the three *Yapp*

7

elements, the party invoking res judicata does not bear the burden of establishing that the opposing party had a full and fair opportunity to litigate the claims. *See Sullivan v. DaVita HealthCare Partners, Inc.*, 780 F. App'x 612, 615 (10th Cir. 2019) (unpublished). Stated differently, the party opposing res judicata must articulate some defect affecting the fairness of the prior suit. *See id.* at 616–17.

The first element of res judicata is not in dispute here; the prior suit ended in a judgment on the merits, which was affirmed by the Tenth Circuit Court of Appeals. The third element is also not disputed. This circuit applies the "transactional approach" to identifying the cause of action, *Petromanagement*, 835 F.2d at 1335, whereby "all claims or legal theories of recovery that arise from the same transaction, event, or occurrence" must be brought in one suit or else be barred from subsequent litigation. *Nwosun*, 124 F.3d at 1257. Here, both suits involve the same mortgage; thus, the cause of action is the same. *See, e.g.*, *Kirby v. OCWEN Loan Servicing, LLC*, 641 F. App'x 808, 812 (10th Cir. 2016) (unpublished).

The second element is the primary subject of dispute between the parties. Plaintiff was not a plaintiff in the prior action, but MTGLQ contends that Plaintiff is in privity with Ms. Wellington. Under New Mexico law, privity exists where one person is "so identified in interest with another that he represents the same legal right." *Johnson v. Aztec Well Servicing Co.*, 875 P.2d 1128, 1131 (N.M. Ct. App. 1994) (quoting *Bentz v. Peterson*, 762 P.2d 259, 262 (N.M. Ct. App. 1988)). Such a relationship may exist

between persons with a "mutual or successive relationship to rights in realty." *Bentz*, 762 P.2d at 262.  Plaintiff contends that the Court should refuse to find privity here because MTGLQ failed to articulate which "category" of privity applies.  *Doc. 14* at 3.  Nothing in New Mexico law requires the identification of a "category" of privity.  Rather, New Mexico courts have emphasized that the privity inquiry is a case-by-case determination that considers the issues in controversy and asks whether the interests at stake are really and substantially the same.  *Deflon v. Sawyers*, 137 P.3d 577, 580 (N.M. 2006); *Tafoya v. Morrison*, 389 P.3d 1098, 1110 (N.M. Ct. App. 2016).

Plaintiff and Ms. Wellington are joint tenants with right of survivorship.  As such, their interest in the Property is the same.  Moreover, Plaintiff's allegations and request for relief bear a substantial resemblance to Ms. Wellington's unsuccessful counterclaims.  Both parties have alleged some defect in the assignment of the note and mortgage from Defendant Profolio Home Mortgage Corporation to MTGLQ.  *MTGLQ I*, 2018 WL 1997294, at *1; *doc. 1-1* at 2–4.  The prior court's finding that Ms. Wellington does not have standing to challenge the assignment of her mortgage from one entity to another would appear to apply with at least as much force to Plaintiff.  *See MTGLQ I*, 2018 WL 1997294, at *7–8.  Both parties have also attempted to challenge MTGLQ's validity as a legal entity.  *MTGLQ III,* 2021 WL 1217451, at *3–4; *doc. 1-1* at 3–4.  And both parties have sought relief in the form of a declaratory judgment that MTGLQ *et al.* have no valid claim on the Property.  *MTGLQ I*, 2018 WL 1997294, at *7; *doc. 1-1* at 4–5.

As evidenced by these similarities, Plaintiff's interest in the present case is the same as Ms. Wellington's in the prior case. Therefore, Plaintiff and Ms. Wellington are in privity for purposes of claim preclusion.

Finally, the "full and fair opportunity" requirement focuses on the "fundamental fairness" of the prior proceeding and considers "whether there were significant procedural limitations in the prior proceeding, whether the party had the incentive to litigate fully the issue, or whether effective litigation was limited by the nature or relationship of the parties." *SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1521 (10th Cir. 1990). Plaintiff does not identify any defect affecting the fairness of the prior proceeding. Facially, the party with whom Plaintiff is in privity had a full and fair opportunity to litigate the issues. Moreover, to the extent that one could argue that effective litigation was limited by the denial of his motion to intervene, Plaintiff's failure to appeal that ruling would waive it. *See Alternative Rsch. & Dev. Found. v. Veneman*, 262 F.3d 406, 408–09 (D.C. Cir. 2001) (holding with majority of circuits that denial of intervention as of right is immediately appealable); *Sullivan*, 780 F. App'x at 617 (emphasizing plaintiffs' failure to file a direct appeal in rejecting argument that they did not have a full and fair opportunity to litigate).

In sum, I recommend finding that the prior case of *MTGLQ Investors v. Wellington*, Civ. No. 17-487 KG/LF, precludes all causes of action alleged in Plaintiff's

Complaint to Quiet Title and for Declaratory Relief. Therefore, I recommend granting MTGLQ's Motion to Dismiss.

### B. Plaintiff's Motion to Amend

In his motion to amend, Plaintiff seeks to add a cause of action for "relief from the judgment that defense counsel asserts applies to this case." *Doc. 17* at 2. The nature of this cause of action is unclear from Plaintiff's proposed amended complaint (*see doc. 17-1*), but his reply cites to Rule 60(d)(1) of the Federal Rules of Civil Procedure. *Doc. 19* at 1. Rule 60(d)(1) provides that the Court may "entertain an independent action to relieve a party from a judgment, order, or proceeding." This provision preserves a historical form of action that is equitable in nature and committed to the discretion of the Court. *Robinson v. Volkswagenwerk AG*, 56 F.3d 1268, 1274 (10th Cir. 1995).

The Supreme Court has observed that independent actions for relief from judgment "should be available only to prevent a grave miscarriage of justice." *United States v. Beggerly*, 524 U.S. 38, 47 (1998). It is a remedy reserved for injustices so gross as to justify departing from "rigid adherence to the doctrine of res judicata." *Id*. at 46. One reason the threshold for an independent action is so high is to prevent parties from using such an action to circumvent the time limitations in Rule 60(b). *Id*. A Rule 60(b) motion premised on grounds such as mistake, newly discovered evidence, or fraud must be filed within one year after entry of judgment. Fed. R. Civ. P. 60(c)(1). The one-year limitation is not tolled or extended by an appeal. *Tool Box, Inc. v. Ogden City Corp.*,

419 F.3d 1084, 1088 (10th Cir. 2005). An independent action in equity, on the other hand, is not subject to a time limitation, although the doctrine of laches may apply. *United States v. Buck*, 281 F.3d 1336, 1341 (10th Cir. 2002). Thus, an action pursuant to Rule 60(d) is available only where the asserted grounds for relief are more severe than what would merit relief pursuant to Rule 60(b). *See, e.g., Zagorsky-Beaudoin v. Rhino Ent. Co.*, 2019 WL 5960084, at *3 (D. Ariz. Nov. 12, 2019) (unpublished). Here, the judgment of foreclosure in the prior suit was filed December 20, 2019. The time to file a motion pursuant to Rule 60(b)(1)–(3) elapsed before the present suit was filed.

Plaintiff's basis for obtaining relief from the judgment is that MTGLQ allegedly concealed that the outstanding balance on the subject mortgage had been satisfied by a third party, the Federal National Mortgage Association ("Fannie Mae"), prior to the entry of judgment of foreclosure. *Doc. 17-1* at ¶¶ 21–24. Defendant argues that the Court should deny Plaintiff leave to amend because the proposed amendment "does not change that Plaintiff is trying to re-litigate issues that were already adjudicated" in Ms. Wellington's suit. *Doc. 18* at 1. But the alleged undisclosed satisfaction of the outstanding mortgage balance by Fannie Mae was never litigated in the prior suit. To the extent that this issue is nonetheless precluded (as it arises from the same transaction), Plaintiff's allegations might place this matter within the narrow exception to res judicata afforded by an equitable action for relief from judgment. Specifically, Plaintiff's allegations sound in fraud, which is a common ground for an independent

12

action.  11 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2868 (3d ed. 2021).  Fraud on the court provides grounds to set aside a judgment under Rule 60(d)(3).  Rule 60(d)(1) also provides a path to obtain relief on some grounds of fraud. *Buck*, 281 F.3d at 1341.

While Plaintiff's allegations sound in fraud, they lack the specificity necessary for the Court to find that they meet the high threshold to pursue an independent action as set forth in *Beggerly*, 524 U.S. at 47.  Furthermore, they lack sufficient detail to meet the plausibility standard of *Twombly*, 550 U.S. at 556, and *Iqbal*, 556 U.S. at 678, as well as the heightened pleading standard of Federal Rule of Civil Procedure 9(b).  *See* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.").

> The requisite elements of an independent action for relief from judgment are:
>
> (1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of the defendant; and (5) the absence of any adequate remedy at law.

11 Wright & Miller, *Federal Practice and Procedure* § 2868 (quoting *Nat'l Sur. Co. v. State Bank of Humboldt*, 120 F. 593, 599 (8th Cir. 1903)).  Construing Plaintiff's proposed amended complaint liberally, it appears to allege facts bearing on the first three elements, but it does not establish that Plaintiff can satisfy the last two elements.  The particular circumstances of Defendants' alleged concealment of Fannie Mae's

13

involvement are not set forth in the proposed amended complaint. Nor does the proposed amended complaint explain how and when Plaintiff came to discover this information. Absent these details, the proposed amended complaint fails to allege sufficient facts showing that the failure to bring this information to the prior court's attention was not owing to some fault or negligence on the part of Plaintiff or his privy, Ms. Wellington. Absent these details, the proposed amended complaint also fails to allege sufficient facts showing that an adequate remedy is or was unavailable under Rule 60(b). *See Winfield Assocs., Inc. v. Stonecipher*, 429 F.2d 1087, 1090 (10th Cir. 1970) ("In this type of action, it is fundamental that equity will not grant relief if the complaining party has or by exercising proper diligence would have had, an adequate remedy at law, or by proceedings in the original action . . . [to] obtain relief against[] the judgment." (internal quotation marks omitted)).

Plaintiff argues that, "should the Court determine on its own that some deficiency exists, it should identify the defect and leave to amend should be at least considered, if not granted, to correct the defect." *Doc. 19* at 1–2 (citing *Roman-Nose v. N.M. Dep't of Hum. Servs.*, 967 F.2d 435, 438 (10th Cir. 1992)). The Court may not dismiss a *pro se* complaint unless "it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay*, 500 F.3d at 1217. But this rule does not bar the Court from denying leave to amend upon review of a proposed amendment. *See MTGLQ III*, 2021 WL 1217451, at *13. In

14

other words, Plaintiff's operative complaint, which does not include a cause of action for relief from judgment under Rule 60(d), is subject to dismissal with prejudice as explained above. Plaintiff's putative Rule 60(d) claim as presented is subject to dismissal without prejudice. Thus, I recommend that the Court deny Plaintiff's Motion for Leave to File Amended Complaint as futile and dismiss this case for failure to state a claim upon which relief can be granted.

IV. CONCLUSION

For the foregoing reasons, I hereby recommend that the Court GRANT MTGLQ's Motion to Dismiss (*doc. 11*), DENY Plaintiff's Motion for Leave to File Amended Complaint (*doc. 17*), and DISMISS WITH PREJUDICE all claims in Plaintiff's Complaint to Quiet Title and for Declaratory Relief (*doc. 1-1*).

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**