**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

DAVID WELLINGTON,

       Plaintiff,

vs.                                                                                  No. CIV 21-0322 JB/GBW

PROFOLIO HOME MORTGAGE
CORPORATION and MTGLQ INVESTORS,
LP,

       Defendants.

## MEMORANDUM OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on: (i) Defendant MTGLQ Investors, LP's Motion to Dismiss, filed April 20, 2021 (Doc. 11)("MTD"); (ii) the Plaintiff's Motion for Leave to File Amended Complaint, filed June 21, 2021 (Doc. 17)("Motion to Amend"); (iii) the Magistrate Judge's Proposed Findings of Fact and Recommended Disposition, filed July 27, 2021 (Doc. 22)("PFRD"); and (iv) the Plaintiff's Objections to Magistrate Recommendation, filed August 5, 2021 (Doc. 23)("Objections").  The Court will overrule Plaintiff David Wellington's Objections and adopt the PFRD.  Accordingly, the Court will grant the MTD, dismiss D. Wellington's Complaint to Quiet Title and for Declaratory Relief, filed April 9, 2021 (Doc. 1-1)("Complaint"), and deny D. Wellington's Motion to Amend.

## FACTUAL AND PROCEDURAL BACKGROUND

D. Wellington filed his Complaint in State court on March 4, 2021, asserting that a mortgage on property that he owns in joint tenancy with his sister is invalid and seeking a judgment quieting title against the original lender on the mortgage -- Defendant Profolio Home Mortgage Corporation -- and its successor, Defendant MTGLQ Investors, LP.  See Complaint

¶¶ 1-15, at 1-4.  MTGLQ Investors removed the suit to the United States District Court for the District of New Mexico on April 9, 2021, see Notice of Removal at 1, filed April 9, 2021 (Doc. 1), and filed the MTD on April 20, 2021, see MTD at 1.  MTGLQ Investors argues that MTGLQ Investors, LP v. Wellington, No. CIV. 17-487 KG/LNF -- an action it brought against D. Wellington's sister, the borrower on the disputed mortgage, to foreclose on the mortgage D. Wellington's claim -- precludes D. Wellington's claim.  See MTD at 1-2.  In that suit, Monica Wellington, D. Wellington's sister, asserts counterclaims disputing the validity of the assignment of the mortgage from the original lender to the successor.  See MTGLQ Invs., LP v. Wellington, 856 F. App'x 146, 151-52 (10th Cir. 2021)(unpublished).[1]  The Honorable Kenneth Gonzales, United States District Judge for the United States District Court for the District of New Mexico, dismissed the counterclaims and ultimately entered a judgment of foreclosure, which the United States Court of Appeals for the Tenth Circuit affirmed on March 31, 2021.  See MTGLQ Invs., LP v. Wellington, 856 F. App'x at 152, 166.

---

[1]MTGLQ Invs., LP v. Wellington, is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A)("Unpublished decisions are not precedential, but may be cited for their persuasive value.").  The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005).  The Court concludes that MTGLQ Invs., LP v. Wellington, 856 F. App'x 146 (10th Cir. 2021), Pevehouse v. Scibana, 229 F. App'x 795 (10th Cir. 2007), and Phillips v. Pub. Serv. Co., 58 F. App'x 407 (10th Cir. 2003), have persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order Adopting the Magistrate Judge's Proposed Findings and Recommended Disposition.

On June 21, 2021, D. Wellington filed a Motion to Amend, seeking to add a new claim "for relief from the judgment that defense counsel asserts applies to this case."  Motion to Amend at 2.  D. Wellington's proposed amended complaint maintains his claim for quiet title and declaratory judgment in its original form, but adds a new claim for relief from judgment.  See First Amended Complaint to Quiet Title and for Relief from Judgment ¶¶ 17-26, at 4-5, filed June 21, 2021 (Doc. 17-1)("Amended Complaint").  MTGLQ Investors oppose D. Wellington's motion, contending that his proposed amendment is futile for the same reason that his original claim must be dismissed: res judicata bars D. Wellington from re-litigating claims adjudicated in the prior suit.  See Response to Motion for Leave to File Amended Complaint at 1, filed July 6, 2021 (Doc. 18)("Response").  In reply, D. Wellington argues that an independent action for relief from judgment is excepted from the doctrine of res judicata.  See Reply to Response to Motion for Leave to Amend at 1, filed July 12, 2021 (Doc. 19)("Reply")(citing Fed. R. Civ. P. 60(d)(1)).

On July 27, 2021, the Honorable Gregory Wormuth, United States Magistrate Judge for the United States District Court for the District of New Mexico, filed his PFRD addressing the two pending motions.  See PFRD at 1.  Magistrate Judge Wormuth recommends granting MTGLQ Investors' MTD the Complaint with prejudice.  See PFRD at 6-11.  In concluding that res judicata bars D. Wellington's claim, Magistrate Judge Wormuth concluded that, for this claims' purposes, D. Wellington was in privity with his sister, because of their joint tenancy with right of survivorship in the mortgaged property and the similarity of their respective claims.  See PFRD at 8-10.

Magistrate Judge Wormuth also recommends denying D. Wellington's Motion to Amend his Complaint.  See PFRD at 11-15.  Based on D. Wellington's citation to rule 60(d)(1) of the Federal Rules of Civil Procedure in his Reply, Magistrate Judge Wormuth determines that D.

Wellington intends to allege an independent, equitable action for relief from judgment. See PFRD at 11. Because such an action affords a "narrow exception to res judicata," Magistrate Judge Wormuth rejects MTGLQ Investors' argument that this new claim is precluded in addition to D. Wellington's original claim. PFRD at 12. In analyzing the sufficiency of D. Wellington's new allegations, however, Magistrate Judge Wormuth determines that the proposed amendment is futile, because of the lack of sufficient factual allegations showing that D. Wellington's circumstances meet the high threshold required to obtain equitable relief from judgment. See PFRD at 13-14. Because the claim for relief from judgment was separate and distinct from the claim in the original Complaint, Magistrate Judge Wormuth recommends rejecting D. Wellington's Motion to Amend. See PFRD at 14-15; Reply at 1-2.

## LAW REGARDING OBJECTIONS TO A PFRD

District courts may refer dispositive motions to a Magistrate Judge for a recommended disposition. See Fed. R. Civ. P. 72(b)(1)("A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense or a prisoner petition challenging the conditions of confinement."). Rule 72(b)(2) of the Federal Rules of Civil Procedure governs objections: "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed R. Civ. P. 72(b)(2). Finally, when resolving objections to a Magistrate Judge's proposal, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the

matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).  Similarly, 28 U.S.C.

§ 636 provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C).

"The filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute." United States v. One Parcel of Real Property, With Buildings, Appurtenances, Improvements, and Contents, Known As: 2121 East 30th Street, Tulsa Okla., 73 F.3d 1057, 1059 (10th Cir. 1996)("One Parcel")(quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)).  As the United States Court of Appeals for the Tenth Circuit has noted, "the filing of objections advances the interests that underlie the Magistrate's Act,[2] including judicial efficiency." One Parcel, 73 F.3d at 1059 (citing Niehaus v. Kansas Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir. 1986); United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

The Tenth Circuit has held "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."   One Parcel, 73 F.3d at 1060.  "To further advance the policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, ha[s] adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal

---

[2]Congress enacted the Federal Magistrate's Act, 28 U.S.C. §§ 631-39, in 1968.

questions.'"  One Parcel, 73 F.3d at 1059 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)).  "[O]nly an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the Magistrate's Act."  One Parcel, 73 F.3d at 1060.  In addition to requiring specificity in Objections, the Tenth Circuit has stated that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."  Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996).  See United States v. Garfinkle, 261 F.3d 1030, 1030-31 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").  In an unpublished opinion, the Tenth Circuit stated that "the district court correctly held that [a petitioner] had waived [an] argument by failing to raise it before the magistrate."  Pevehouse v. Scibana, 229 F. App'x 795, 796 (10th Cir. 2007)(unpublished).

In One Parcel, in accord with other Courts of Appeals, the Tenth Circuit expanded the waiver rule to cover objections that are timely but too general.  See One Parcel, 73 F.3d at 1060.  The Supreme Court of the United States of America -- in the course of approving the United States Court of Appeals for the Sixth Circuit's use of the waiver rule -- has noted:

> It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings.  The House and Senate Reports accompanying the 1976 amendments do not expressly consider what sort of review the district court should perform when no party objects to the magistrate's report.  See S. Rep. No. 94-625, pp. 9-10 (1976) (hereinafter Senate Report); H.R. Rep. No. 94-1609, p. 11 (1976), U.S. Code Cong. & Admin. News 1976, p. 6162 (hereinafter House Report).  There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate.  Moreover, the Subcommittee that drafted and held hearings on the 1976 amendments had before it the guidelines of the Administrative Office of the United States Courts concerning the efficient use of magistrates.  Those guidelines recommended to the district courts that "[w]here a magistrate makes a finding or ruling on a motion or an issue, his determination should become that of the district court, unless specific objection is filed within a reasonable time."  See Jurisdiction of United States Magistrates, Hearings on S.

1283 before the Subcommittee on Improvements in Judicial Machinery of the Senate Committee on the Judiciary, 94th Cong., 1st Sess., 24 (1975)(emphasis added)(hereinafter Senate Hearings).  The Committee also heard Judge [Charles] Metzner of the Southern District of New York, the chairman of a Judicial Conference Committee on the administration of the magistrate system, testify that he personally followed that practice.  <u>See id.</u>, at 11 ("If any objections come in, . . . I review [the record] and decide it.  If no objections come in, I merely sign the magistrate's order.").   The Judicial Conference of the United States, which supported the de novo standard of review eventually incorporated in § 636(b)(1)(C), opined that in most instances no party would object to the magistrate's recommendation, and the litigation would terminate with the judge's adoption of the magistrate's report.  <u>See</u> Senate Hearings, at 35, 37. Congress apparently assumed, therefore, that any party who was dissatisfied for any reason with the magistrate's report would file objections, and those objections would trigger district court review.  There is no indication that Congress, in enacting § 636(b)(1)(C)), intended to require a district judge to review a magistrate's report to which no objections are filed.  It did not preclude treating the failure to object as a procedural default, waiving the right to further consideration of any sort.  We thus find nothing in the statute or the legislative history that convinces us that Congress intended to forbid a rule such as the one adopted by the Sixth Circuit.

<u>Thomas v. Arn,</u> 474 U.S. at 150-52 (footnotes omitted).

The Tenth Circuit also has noted, "however, that '[t]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate.'"  <u>One Parcel</u>, 73 F.3d at 1060 (quoting <u>Moore v. United States</u>, 950 F.2d at 659 ("We join those circuits that have declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate's order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations." (citations omitted)).  <u>Cf.</u> <u>Thomas v. Arn</u>, 474 U.S. at 154 ("Any party that desires plenary consideration by the Article III judge of any issue need only ask.  [A failure to object] does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard.").  In <u>One Parcel</u>, the Tenth Circuit noted that the district judge had decided sua sponte to conduct a de novo review despite the objections' lack of specificity, but the Tenth Circuit held that it would deem the issues waived on appeal, because it would advance the interests underlying the waiver rule.  <u>See</u> 73 F.3d at 1060-61 (citing cases from other Courts of

Appeals where district courts elected to address merits despite potential application of waiver rule, but Courts of Appeals opted to enforce waiver rule).

Where a party files timely and specific objections to the Magistrate Judge's PFRD, "on . . . dispositive motions, the statute calls for a de novo determination, not a de novo hearing." United States v. Raddatz, 447 U.S. 667, 674 (1980).  The Tenth Circuit has stated that a de novo determination, pursuant to 28 U.S.C. § 636(b), "requires the district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation."  Griego v. Padilla (In re Griego), 64 F.3d 580, 583-84 (10th Cir. 1995).  The Supreme Court has noted that, although a district court must make a de novo determination of the objections to recommendations under 28 U.S.C. § 636(b)(1), the district court is not precluded from relying on the Magistrate Judge's PFRD. See United States v. Raddatz, 447 U.S. at 676 ("[I]n providing for a 'de novo determination' rather than de novo hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." (quoting 28 U.S.C. § 636(b)(1)); Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42 of Stephens Cty., 8 F.3d 722, 724-25 (10th Cir. 1993)(holding that the district court's adoption of the Magistrate Judge's "particular reasonable-hour estimates" is consistent with a de novo determination, because "the district court 'may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate,' . . . [as] 'Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations.'" (quoting 28 U.S.C. § 636(b)(1) and citing United States v. Raddatz, 447 U.S. at 676 (emphasis omitted)).

Where no party objects to the Magistrate Judge's proposed findings and recommended disposition, the Court has, as a matter of course in the past and in the interests of justice, reviewed

the Magistrate Judge's recommendations.  In <u>Workheiser v. City of Clovis</u>, No. CIV 12-0485 JB/GBW, 2012 WL 6846401 (D.N.M. Dec. 28, 2012)(Browning, J.), where the plaintiff failed to respond to the Magistrate Judge's PFRD, although the Court determined that the plaintiff "has waived his opportunity for the Court to conduct review of the factual and legal findings in the [proposed findings and recommended disposition]," the Court nevertheless conducted such a review.  2012 WL 6846401, at *3.  The Court generally does not, however, review the Magistrate Judge's PFRD de novo, and determine independently necessarily what it would do if the issues had come before the Court first, but rather adopts the PFRD where "[t]he Court cannot say that the Magistrate Judge's recommendation . . . is clearly erroneous, arbitrary, [obviously][3] contrary to law, or an abuse of discretion."  <u>Workheiser v. City of Clovis</u>, 2012 WL 6846401, at *3.  This

---

[3]The Court previously used as the standard for review when a party does not object to the Magistrate Judge's proposed findings and recommended disposition whether the recommendation was "clearly erroneous, arbitrary, contrary to law, or an abuse of discretion," thus omitting "obviously" in front of contrary to law.  <u>Solomon v. Holder</u>, No. CIV  12-1039 JB/LAM, 2013 WL 499300, at *4 (D.N.M. Jan. 31, 2013)(Browning, J.)(adopting the recommendation to which there was no objection, stating: "The Court determines that the PFRD is not clearly erroneous, arbitrary, contrary to law, or an abuse of discretion, and accordingly adopts the recommendations therein"); <u>O'Neill v. Jaramillo</u>, No. CIV 11-0858 JB/GBW, 2013 WL 499521 (D.N.M. Jan. 31, 2013)(Browning, J.)("Having reviewed the PRFD under that standard, the Court cannot say that the Magistrate Judge's recommendation is clearly erroneous, arbitrary, contrary to law, or an abuse of discretion. The Court thus adopts Judge Wormuth's PFRD.")(citing <u>Workheiser v. City of Clovis</u>, 2012 WL 6846401, at *3); <u>Galloway v. JP Morgan Chase & Co.</u>, No. CIV 12-0625 JB/RHS, 2013 WL 503744 (D.N.M. Jan. 31, 2013)(Browning, J.)(adopting the Magistrate Judge's recommendations upon determining that they were not "clearly contrary to law, or an abuse of discretion.").  The Court does not believe that "contrary to law" accurately reflects the deferential standard of review that the Court intends to use when there is no objection.  Finding that a Magistrate Judge's recommendation is contrary to law would require the Court to analyze the Magistrate Judge's application of law to the facts or the Magistrate Judge's delineation of the facts -- in other words performing a de novo review, which is required when a party objects to the recommendations only.  The Court believes adding "obviously" better reflects that the Court is not performing a de novo review of the Magistrate Judges' recommendations.  Going forward, therefore, the Court will, as it has done for some time now, review Magistrate Judges' recommendations to which there are no objections for whether the recommendations are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.

review, which is deferential to the Magistrate Judge's work when there is no objection, nonetheless provides some review in the interest of justice, and seems more consistent with the intent of the waiver rule than no review at all or a full-fledged review. Accordingly, the Court considers this standard of review appropriate. See Thomas v. Arn, 474 U.S. at 151 ("There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate."). The Court is reluctant to have no review at all if its name is going to go at the bottom of the order adopting the Magistrate Judge's PFRD.

## ANALYSIS

D. Wellington presents no Objection to Magistrate Judge Wormuth's recommendation that the Court grant MTGLQ Investors' MTD. See Objections at 1-3. In fact, D. Wellington's only reference to the MTD is an assertion that rejecting Magistrate Judge Wormuth's recommendation on the Motion to Amend "would also make defense counsel's pending motion to dismiss moot." Objections at 4 n.3. This assertion is incorrect. The MTD relates to the claim in D. Wellington's operative Complaint, while D. Wellington's proposed Amended Complaint introduces a new claim for relief from judgment. Even if the Court were to grant D. Wellington leave to amend his Complaint to bring a new claim for relief from judgment, it would not save his original claim from dismissal. D. Wellington does not specifically object to Magistrate Judge Wormuth's recommendation that the Court dismiss his original claim with prejudice because res judicata bars his original claim. See PFRD at 6-11. The Court therefore reviews de novo the portion of the PFRD to which D. Wellington objects, but reviews the rest of the PFRD to determine whether it is clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion. See Workheiser v. City of Clovis, 2012 WL 6846401, at *3. Having reviewed the

PFRD, the Court agrees that res judicata bars D. Wellington's original Complaint, and therefore adopts Magistrate Judge Wormuth's recommendation to dismiss the Complaint with prejudice.[4]

Turning to Magistrate Judge Wormuth's recommendation that the Court deny D. Wellington's Motion to Amend, D. Wellington's central objection is that Magistrate Judge Wormuth improperly resolved the Motion to Amend on grounds that the MTGLQ Investors does not argue. See Objections at 1-3. While MTGLQ Investors raises futility as the basis to deny D. Wellington leave to amend, its argument is limited to contending that res judicata bars all of D. Wellington's claims. See Response at 1. Magistrate Judge Wormuth, on the other hand, grounded his futility conclusions in an analysis of the requirements to pursue an independent action for relief from judgment, as rule 60(d) of the Federal Rules of Civil Procedure permits. See PFRD at 11-15.

Courts have inherent authority to act sua sponte, i.e., of their own accord, on certain matters. See Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1962). The Tenth Circuit permits courts dismiss a complaint sua sponte where it is "patently obvious" that the plaintiff cannot prevail on the facts alleged and that permitting an opportunity to amend would be futile. McKinney v. Oklahoma, 925 F.2d 363, 365 (10th Cir. 1991). Under this rule, a court must

---

[4]The Court agrees with the result Magistrate Judge Wormuth reaches in his res judicata analysis, but notes that Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497 (2001), and Knight v. Mooring Capital Fund, LLC, 749 F.3d 1180 (10th Cir. 2014), establish that federal common law requires that the law of preclusion of the state in which the diversity court sits determines the preclusive effect of a judgment of a federal court sitting in diversity. See Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. at 506-08; Knight v. Mooring Capital Fund, LLC,, 749 F.3d at 1186. See also Matosantos Commer. Corp. v. Applebee's Int'l, Inc., 245 F.3d 1203, 1207-08 (10th Cir. 2001). The Court, therefore, applies New Mexico res judicata law to all the elements of the res judicata analysis, and not simply to the question whether D. Wellington and M. Wellington are in privity. Nevertheless, because the same result is reached, the Court adopts the PFRD in all other respects.

determine -- sua sponte -- if the amendment will be futile before it can dismiss a complaint sua sponte.  Thus, a court is not limited to arguments that the parties present when deciding that leave to amend a complaint would be futile.  Sua sponte dismissal "comports with due process and does not infringe the right of access to the courts" so long as "adequate procedural safeguards" protect the plaintiff's ability to raise meritorious claims.  Curley v. Perry, 246 F.3d 1278, 1284 (10th Cir. 2001).

Here, there are adequate procedural safeguards concerning Magistrate Judge Wormuth's sua sponte reasoning for finding D. Wellington's proposed amendment futile.  First, Magistrate Judge Wormuth concluded -- and the Court agrees -- that the claim raised in the proposed Amended Complaint would be subject to dismissal without prejudice.  See PFRD at 15.  This conclusion does not prevent D. Wellington from making further amendments and then raising his new claim in a new suit.  See Phillips v. Pub. Serv. Co., 58 F. App'x 407, 409 (10th Cir. 2003)(unpublished)(finding "no real disadvantage" from sua sponte dismissal where the plaintiff is free to file another complaint).  Second, 28 U.S.C. § 636(b)(1)(C)'s mandatory objection period provided D. Wellington with notice and an opportunity to respond to Magistrate Judge Wormuth's recommendations before the Court began to consider them.  See Smith v. Dorsey, 30 F.3d 142, 1994 WL 396069, at *3 (10th Cir. 1994)(unpublished table decision)("Although the magistrate judge raised the issue sua sponte, there is no due process problem here, as petitioner had an opportunity to address the matter by objecting to the magistrate judge's recommendation prior to the district court's adoption thereof.").

D. Wellington argues that he is unable to object to Magistrate Judge Wormuth's recommendations, because of the rule that "theories raised for the first time in objections to the magistrate judge's recommendations are deemed waived."  Objections at 2 (quoting United States

v. Garfinkle, 261 F.3d at 1031).  D. Wellington misunderstands this rule's operation.  Its purpose

is to prevent a party from undermining the goals of the Magistrate's Act by making one argument

before the Magistrate Judge and, upon finding it rejected, presenting a new argument to the district

judge.  Marshall v. Chater, 75 F.3d at 1427 ("'Allowing parties to litigate fully their case before

the magistrate and, if unsuccessful, to change their strategy and present a different theory to the

district court would frustrate the purpose of the Magistrates Act.'" (quoting Greenhow v. Sec'y of

Health & Hum. Servs., 863 F.2d 633, 638-39 (9th Cir. 1988), overruled on other grounds by

United States v. Hardesty, 977 F.2d 1347 (9th Cir. 1992))); Paterson-Leitch Co. v. Mass. Mun.

Wholesale Elec. Co., 840 F.2d 985, 991 (1st Cir. 1988)(emphasizing the inefficiency and

fundamental unfairness in permitting a litigant "to set its case in motion before the magistrate,

wait to see which way the wind was blowing, and -- having received an unfavorable

recommendation -- shift gears before the district judge").  In short, this waiver rule prevents parties

from shifting positions.  It does not prevent Magistrate Judges from making sua sponte

recommendations.  See, e.g., Smith v. Dorsey, 1994 WL 396069, at *3.  Furthermore, the waiver

of issues raised for the first time in Objections is not a "firm waiver," unlike the rule that "the

failure to make timely objections to the magistrate judge's findings or recommendations waives

appellate review of both factual and legal questions."  One Parcel, 73 F.3d at 1059.  The Court

has discretion to consider newly raised arguments as it deems proper.  See, e.g., Hunnicutt v.

Moore, No. CV 18-0667 JB/KRS, 2020 WL 5640625, at *7 (D.N.M. Sept. 21,

2020)(Browning, J.)(exercising discretion to consider the merits of arguments raised for the first

time in objections).

      D. Wellington asserts that it would be "inconsistent (and absurd) if a magistrate could

present issues in his recommendation for the very first time, but because a party never addressed

them before the magistrate (because the opposing party never raised them), any subsequent objections to the issue would be 'deemed waived' by the non-prevailing party."  Objections at 2. If D. Wellington's waiver rule interpretation is correct, the result that he describes would indeed be absurd.  That D. Wellington recognizes his interpretation's absurdity and nonetheless assumes that it constrains him from raising substantive Objections is hard to understand.  D. Wellington was not prevented from making objections to any matter discussed in the Magistrate Judge's PFRD, whether raised by a party or by the Magistrate Judge sua sponte.  Indeed, pursuant to the "firm waiver" rule, Plaintiff was obligated to raise objections to preserve his appellate rights, as the Magistrate Judge informed him.  PFRD at 15 ("A party must file any objections . . . if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.").  D. Wellington's Objection premised on waiver, therefore, is overruled.

D. Wellington's only apparent substantive objection is that Magistrate Judge Wormuth errs in construing his proposed amended complaint as "sounding in fraud."  Objections at 3 n.2. Whether D. Wellington intended to raise allegations of fraud is beside the point.  As Magistrate Judge Wormuth explained, an independent action for relief from judgment is "available only to prevent a grave miscarriage of justice" and "reserved for injustices so gross as to justify departing from 'rigid adherence to the doctrine of res judicata.'"  PFRD at 11 (quoting United States v. Beggerly, 524 U.S. 38, 46-47 (1998)).  Upon de novo review of the proposed amended complaint, the Court agrees with Magistrate Judge Wormuth that D. Wellington's allegations are insufficient to establish that he can meet United States v. Beggerly's very high threshold, whether premised on fraud or on some other grounds.  The Court agrees, therefore, that D. Wellington's proposed amended complaint would be subject to dismissal without prejudice.  The Court overrules D.

Wellington's Objections and adopts the Magistrate Judge's recommendation to deny Plaintiff leave to amend.

**IT IS ORDERED** that: (i) the Plaintiff's Objections to Magistrate Recommendation, filed August 5, 2021 (Doc. 23), are overruled; (ii) the recommendations in the Magistrate Judge's Proposed Findings and Recommended Disposition, filed July 27, 2021 (Doc. 22), are adopted, but the Court does not adopt all the PFRD's legal analysis; (iii) the PFRD's findings and analysis are otherwise adopted as indicated in this Memorandum Opinion and Order; (iv) Defendant MTGLQ Investors, LP's Motion to Dismiss, filed April 20, 2021 (Doc. 11), is granted; (v) the Plaintiff's Motion for Leave to File Amended Complaint, filed June 21, 2021 (Doc. 17), is denied, but the Plaintiff may file his claim for equitable relief from the judgment in <u>MTGLQ Invs., LP v. Wellington</u> in another action if the Plaintiff thinks he has any more to allege that would satisfy the <u>United States v. Beggerly</u>, 524 U.S. 38 (1998), standard; (vi) the Plaintiff's Complaint to Quiet Title and for Declaratory Relief, filed April 9, 2021 (Doc. 1-1), is dismissed with prejudice; and (vii) the Court will enter a Final Judgment.

_____
UNITED STATES DISTRICT JUDGE

*Counsel and parties:*

David Wellington
Albuquerque, New Mexico

 *Plaintiff Pro Se*


Solomon S. Krotzer
Houser LLP
Albuquerque, New Mexico

 *Attorneys for the Defendants*